George V. Granade
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Sophia G. Gold (*pro hac vice* to be filed)
sgold@kalielpllc.com
**KALIEL PLLC**
1875 Connecticut Avenue Northwest, 10th Floor
Washington, District of Columbia 20009
Telephone: (202) 340-4783

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

**ROCHESTER DIVISION**

| | |
|---|---|
| MICHAEL LEE, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>- against -<br><br>CANANDAIGUA NATIONAL BANK & TRUST,<br><br>　　　　　　Defendant. | No. 6:20-cv-06332-EAW<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Michael Lee respectfully submits this notice of supplemental authority to inform the Court of three additional recent orders denying motions to dismiss in similar cases, all of which were issued subsequent to the filing of Defendant's Reply in Further Support of Motion to Dismiss, ECF No. 17. In all three cases, the plaintiffs challenged financial institutions' practice of charging overdraft fees based on the "available balance" in the account rather than the actual balance.

First, in *Richard v. Glens Falls National Bank*, No. 1:20-cv-00734-BKS-DJS (N.D.N.Y Mar. 3, 2021), ECF No. 26 (attached as **Exhibit A**), the plaintiff challenged the bank's practices of charging multiple fees on the same "item" and in charging overdraft fees based on the "available balance" in the account rather than the actual balance. The court denied the motion to dismiss on both claims. With respect to the bank's practice of charging multiple fees on the same "item," the court held:

> There is no provision making clear that a separate NSF Fee may be charged for each presentment of the same transaction. The specific provisions Defendant relies on could reasonably be read as either authorizing Defendant to charge a single NSF Fee for *each check, debit or other transaction* that is presented for payment, regardless of how many times a merchant unsuccessfully attempts to present the transaction (as Plaintiff urges), or as authorizing Defendant to charge a NSF Fee *each time* a transaction is presented and returned for nonpayment (as Defendant urges).
> . . .
> Therefore, the Court finds that the Account Agreement is sufficiently ambiguous for Plaintiff's claim to survive a motion to dismiss. This conclusion is consistent with the weight of authority in this Circuit and others.

Ex. A at 21–23. With respect to the bank's practice of using the "available balance" method of assessing overdraft fees, the court further held:

> Plaintiff's interpretation of the contract is reasonable. As Plaintiff correctly points out, when explaining when Overdraft and NSF Fees will be assessed, the language in the Insufficient Funds section consistently refers to the account's "balance" and "money in [the] account" rather than the "available" balance. (Dkt. No. 15-3, at 4).
> . . .
> [N]owhere does the Account Agreement at issue here use the "available" qualifier when describing how an account's balance will be calculated for the purpose of

1

>    assessing Overdraft or NSF Fees, nor does the Account Agreement otherwise explicitly "link[] the concept of available balance [as described in the Funds Availability Disclosure section] to the mechanics of when and how the bank would assess overdrafts." *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1242 (11th Cir. 2019) . . . .
>    Because the Complaint sufficiently alleges that the Account Agreement is at least ambiguous with respect to whether it allows Defendant to assess an Overdraft or NSF Fee based on a measure other than an account's actual balance, Plaintiff's claim that Defendant breached the Account Agreement by doing so survives dismissal.

*Id.* at 17–20.

Second, in *Mayo v. Affinity Plus Credit Union*, No. 27-cv-20-11786 (Minn. Dist. Ct. Hennepin Cty. Mar. 4, 2021) (attached as **Exhibit B**), the court rejected the reasoning of *Domann* and *Chambers*, holding:

>    Affinity urges the Court to adopt the reasoning of *Domann* and *Chambers* in the current case.
>    The major flaw in this reasoning is that it falls short of addressing the issue—what does "available balance" mean in the context of determining whether an overdraft occurs? According to *Domann* and *Chambers*, any restriction on fund availability for deposits, must forbid any understanding that overdrafts would be determined without restrictions on fund availability. These are unrelated issues. Plaintiff does not challenge that "available balance" may be subject to the expressed deposit timing restrictions and thus represent a subset of a ledger balance in the context of deposit availability; rather Plaintiff's argument is that the Agreement does not expressly state that "available balance" is its own subset calculation in the context of overdrafts. *Domann* and *Chambers* use the former to foreclose the latter. Indeed, neither party disputes that the "available balance" calculation for deposits is a separate and entirely different calculation from the "available balance" calculation for overdrafts. To say that one necessarily informs or precludes the other is incorrect.

Ex. B at 10–11 (footnote omitted). The court in *Mayo* also rejected the defendant's argument that the use of the adjective "available" unambiguously disclosed that the credit union used the available balance method:

>    Next, Affinity argues that because the word "available" is repeated substantially throughout the Agreement, the only reasonable interpretation is that an overdraft calculation uses the Available Balance Method of accounting. The Court disagrees. Because "available" is not defined in the Agreement, the term must be interpreted

  and given its plain and ordinary meaning. *Brookfield Trade Ctr., Inc. v. Cty. of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998). Merriam-Webster Dictionary defines "available" as "present or ready for immediate use." This does not settle the usage of the term in the Agreement and Merriam-Webster does not state any definition of "available" that involves the Available Balance Method of accounting. Accordingly, it is unreasonable to interpret the Agreement as exclusively referring to the accounting method and not its plain meaning, which is ambiguous. *See Tims*, 935 F.3d at 1239 (rejecting argument that usage of the word "available" throughout agreement would inform a consumer that the bank utilizes the Account Balance Method for overdrafts); *Salls*, 349 F. Supp. 3d at 88 (rejecting argument that "available balance" is a well-known term that reasonable consumers would understand and finding it ambiguous). For the above reasons, Plaintiff's interpretation of "available balance" in the context of overdraft calculation is reasonable.

*Id.* at 12.

  Third, in *Welbes v. Dutrac Community Credit Union*, No. LACV110634 (Iowa Dist. Ct. Dubuque Cty. Mar. 1, 2021) (attached as **Exhibit C**), the court held:

  The Account Agreement's only provisions which define "available funds" lie in the section titled "Funds Availability Policy Disclosure," and tie the concept of "available funds" most directly to delays in recognizing deposits. The contract does not have any terms specifically defining "available funds." Account Agreement, at 11-13. Additionally, the Account Agreement makes no direct reference to "debit holds." In the absence of any such terms, both parties' proposed interpretations of the contract rely on evidence extrinsic to the four corners of the document. Plaintiff's interpretation relies on layperson definitions and consumer expectations. Meanwhile, Defendant's interpretation relies on evidence of industry-standard definitions.
  In evaluating a motion to dismiss, this Court may not consider evidence beyond the petition. *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006). Accordingly, this Court cannot resolve the proper interpretation of the contract at this stage of proceedings and the motion to dismiss is denied as to Plaintiff's claim for breach of express contract.

Ex. C at 4.

Date: March 11, 2021       Respectfully submitted,

           By:  */s/ George V. Granade*
             George V. Granade
             *ggranade@reesellp.com*

**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Sophia G. Gold (*pro hac vice* to be filed)
*sgold@kalielpllc.com*
**KALIEL PLLC**
1875 Connecticut Avenue Northwest, 10th Floor
Washington, District of Columbia 20009
Telephone: (202) 340-4783

*Counsel for Plaintiff and the Proposed Class*